# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LOUIS LEE HERRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-284-RAW-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Louis Lee Herrington (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on February 1, 1961 and was 52 years old at the time of the ALJ's latest decision. Claimant completed his education through the eleventh grade and received some vocational automotive training. Claimant worked in the past as an automobile mechanic. Claimant alleges an inability to work beginning March 1, 2005 due to limitations arising from Graves disease, atrial

fibrillations, hypertension, non-insulin dependent diabetes, chest pain, respiratory difficulties, arthritis of the lumbar and thoracic spine, obesity, and PTSD.

**Procedural History**

On June 21, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 9, 2008, an administrative hearing was held before ALJ Kim Parrish in Ardmore, Oklahoma. On May 30, 2008, the ALJ issued an unfavorable decision on Claimant's applications. On June 22, 2010, the Appeals Council denied review of the ALJ's decision.

Claimant appealed the decision to this Court. By Opinion and Order entered September 26, 2011, this Court reversed the ALJ's decision and remanded the case to Defendant for further proceedings. The Appeals Council vacated the ALJ's decision and remanded the case on December 22, 2011.

On remand, the same ALJ conducted an administrative hearing by video on January 31, 2013. On March 6, 2013, the ALJ issued an unfavorable decision. The Appeals Council failed to take action on an appeal. As a result, the decision of the ALJ represents the

4

Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinions of Claimant's treating mental health case counselor; and (2) failed to make a proper credibility determination.

**Evaluation of Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of hypothyroid condition, atrial fibrillation, diabetes mellitus, and anxiety disorder. (Tr. 326). The ALJ also found Claimant retained the RFC to perform a wide range of light work. In so doing, the ALJ determined Claimant could occasionally lift/carry upward pulling 20 pounds and frequently lift/carry including upward pulling of 10 pounds, stand and/or walk for up to six hours in an 8 hour workday, and sit with normal breaks for 6 hours in an 8 hour workday. Claimant's ability to engage in

5

pushing and/or pulling including the operation of hand and/or foot controls was unlimited other than as shown for lifting and carrying. The ALJ found Claimant must avoid all exposure to unprotected heights and dangerous machinery, must work in relative isolation, cannot engage in team work activities, and could have no exposure to the general public. (Tr. 326). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of final inspector, remnant sorter, collator, and packing line worker, which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 333).

Claimant contends the ALJ failed to give proper consideration to the opinions of Claimant's behavioral health case manager and social worker, Ms. Kim Howell. Ms. Howell authored a letter dated January 10, 2012 which stated that Claimant did not possess adequate coping skills to function in a public setting for any length of time that could contribute to effective activities of daily living skills due to the intense psychological distress of exposure to external cues that stimulates ongoing PTSD. She noted a primary diagnosis of Major Depressive Disorder and secondary diagnoses of PTSD and agoraphobia. She also acknowledged Claimant's long history of ineffective coping as a result of a 2002

violent assault in California with symptoms of nightmares, insomnia, anger outbursts, and depression inhibiting his ability to function as a productive member of the community and causing him to seek professional mental health counseling.

Ms. Howell states she had seen Claimant for over a year teaching coping skills to alleviate the chronic symptoms of PTSD, agoraphobia, and major depressive disorder. Claimant showed a strong desire to improve his overall quality of life, and active participation in his learning objectives and goals. However, Claimant was also noted to struggle daily with extreme anxiousness, irritability, panic, racing heartbeat, hot flashes, fast breathing when practicing out being in public. Claimant was also noted to be looking over his shoulder in fear that the man who went to prison for shooting him was seeking him out for revenge and to be in a constant state of confusion and anger due to the loss of the normal life he had led up until ten years ago. (Tr. 607).

The ALJ noted Ms. Howell's findings, but ultimately rejected them, stating

> In a narrative written statement dated January 10, 2012, Kim Howell, BSW, BHRS states that the claimant was a victim of a violent crime in the summer of 2002; and this experience led the claimant to seek professional mental health psychological counseling services. Counselor Howell stated that the claimant's primary diagnosis is major depressive disorder with a secondary diagnosis of posttraumatic stress disorder and Agoura phobia. The

7

> Administrative Law Judge notes that Counselor Howell is not an acceptable medical source for establishing whether the claimant suffers from a medically determinable impairment 20 CFR 404.1513(a) and 416.913(a). Additionally there is no medical diagnosis of record that the claimant suffers from major depression or agoraphobia. The Administrative Law Judge therefore gives no weight to the statement by counselor Howell that the claimant suffers from major depressive disorder and agoraphobia. The Administrative Law Judge can and does however consider the statements of Counselor Howell for determining the severity of the claimant (sic) medically diagnosed impairment, and how that severity affects the claimant's ability to engage in work activity. Counselor Howell stated that the claimant reported that he was always looking over his shoulder thinking that the man who shot him "is looking for me to get revenge for going to prison." Attorney for the claimant argues that the claimant has a 20% reduction in his ability to concentrate, which would preclude the claimant from engaging in all work activity. There is no basis in the record or in the evidence as a whole, to suggest that the claimant experiences a 20% reduction in his ability to concentrate; and there certainly is no such finding made in the report of Dr. Miles.

(Tr. 330).

This Court generally agrees with the ALJ's conclusion that a licensed professional counselor is not an "acceptable medical sources," as that term is defined by the regulations. Counselors fall within the category of "other sources" and are deemed to be "medical sources" who are not "acceptable medical sources." 20 C.F.R. § 416.913(d)(1). The formulation of Soc. Sec. R. 06-3p was intended as a clarification of existing regulations. This ruling

8

states, in pertinent part:

> [The existing] regulations provide specific criteria for evaluating medical opinions from "acceptable medical sources"; however, they do not explicitly address how to consider relevant opinions and other evidence from "other sources" listed in 20 C.F.R. 404.1513(d) and 416.913(d). With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

In order to effectuate this express policy, the ALJ should discuss these "other sources" and fully explain the weight given to any such opinion. Bowman v. Astrue, 512 F.3d 1270, 1275 (10th Cir. 2008). The ALJ rejected Ms. Howell's opinions based upon the fact that she was not an acceptable medical source and that her diagnoses of major depressive disorder and agoraphobia was not supported by other evidence in the record. He did accept her conclusions as they affected Claimant's ability to engage in work activity. The problem with the ALJ's conclusion is that he accepted Ms. Howell's statement that Claimant was looking over his shoulder and the affect that condition has upon Claimant's ability to work. But then the ALJ shifts focus to Claimant's attorney's argument of a 20% reduction

9

in concentration rather than the remainder of Ms. Howell's findings concerning Claimant's ability to cope, interaction with others, and other restrictive conditions.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. <u>Id</u>. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ should consider the effect of all of Ms. Howell's findings upon Claimant's ability to engage in work activity.

**Credibility Determination**

Claimant contends the ALJ inappropriately concentrated on the objective medical evidence in assessing Claimant's credibility to the exclusion of the factors cited by the Tenth Circuit. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are

peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372

(10th Cir. 2000).

The ALJ cited various testing in the medical record in rejecting Claimant's credibility without regard to the factors set forth in <u>Kepler</u>. While this Court welcomes some of the findings which directly relate to a comparison of Claimant's testimony to objective restrictions in Claimant's activities, findings such as Claimant has never attempted suicide and has denied suicidal ideations does not necessarily reflect upon Claimant's credibility as to restrictions on his ability to engage in basic work activities. On remand, the ALJ shall re-evaluate his credibility findings in light of the <u>Kepler</u> factors.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will

preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE